IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
98 MAR 13 PM 12:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

SHIRLEY JAMES,                )
                              )
        Plaintiff,            )       ENTERED
                              )
v.                            )       MAR 13 1998
                              )
                              )       CIVIL ACTION NO. 97-G-3312-S
THE UNIVERSITY OF ALABAMA AT  )
BIRMINGHAM, INC., a corporation; )
UNITED SERVICE EQUIPMENT      )
COMPANY, INC.,                )
                              )
        Defendants.           )

## MEMORANDUM OPINION

This action was originally filed in state court against The University of Alabama at Birmingham (hereinafter "UAB") and other fictitious defendants. Subsequently, on October 15, 1997, the plaintiff filed an amendment to the complaint, substituting United Service Equipment Company, Inc. (hereinafter "United Service") for fictitious defendant "A". The state court judge, apparently unaware of the amendment, dismissed the entire action without prejudice upon motion of UAB on November 20, 1997. A notice of removal was filed in this court by United Service on December 24, 1997. On January 8, 1998, the state court judge entered an order purporting to reinstate the action as against United Service. This procedural posture of the case suggests that a subject matter jurisdiction question might be presented.[1] Namely, could the action be removed after it was dismissed? The court's independent research reveals that the answer is yes.

---

[1] Rule 12(h)(3) provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." F.R.C.P. 12(h)(3). It is axiomatic that the parties may not create subject matter jurisdiction by consent. Therefore, the court must on its own initiative, as would any appellate court should the action be appealed following final judgment, examine whether it has subject matter jurisdiction.



In Murry v. Ford Motor Co, 770 F.2d 461 (5th Cir. 1985), the court was faced with a situation very similar to the instant case. In that case, the defendant filed a petition for removal in the federal court on November 8, 1982, and on that same day sent notice of removal by certified mail to plaintiff's attorney and to the state court. On the morning of November 12, 1982, prior to the time either the state court or plaintiff's attorney had received the notice of removal, a default judgment was taken against the defendant. When the plaintiff's attorney returned to his office he found the notice of removal and immediately advised the defendant's attorney. That same afternoon the defendant's attorney filed a motion in state court to set aside the default judgment and also requested the state court clerk to intercept the notice of removal and to hold it unfiled. On October 14, 1982, the state court considered the motion to set aside default and at the hearing received into evidence the petition and notice of removal. The state court judge granted the motion to set aside the default judgment. The Murray court concluded that the state court still had jurisdiction of the case at the time the default judgment was entered based upon Madrano v. Texas, 580 F.2d 803, 804 (5th Cir. 1978), which held that the state court continues to have jurisdiction until it has been given actual or constructive notice of removal. However, the court concluded that the state court had notice of the removal prior to the time it entered its order setting aside the default judgment. Therefore, the state court had no power to set aside the default judgment. Accordingly, the court concluded the default judgment was in effect and continued in effect when the case was removed. 770 F.2d at 463 (citing Butner v. Neustadter, 324 F.2d 783, 786 (9th Cir. 1963). Although Murray might be distinguished in that default was taken after the notice of removal had been filed in federal court, the court did not dwell on that aspect of the case and Butner, discussed below, demonstrates that the right of

2

removal within the specified time limit is not extinguished by the entry of a final judgment by the state court.

In Butner a default judgment had been entered prior to removal but before the deadline for removal had expired. The question facing the court was whether the default judgment should be set aside as a matter of law because the time specified in Rule 81(c) for answering a complaint in removed actions had not expired. The court observed that "[t]he federal court takes the case as it finds it on removal and treats everything that occurred in the state court as if it had taken place in federal court." 324 F.2d at 785 (footnotes omitted). Accordingly, the court concluded the state court's default judgment should be given effect but would be subject to an appropriate motion under Rule 60(b).[2] The court did not question, however, whether the action could be removed even after a default judgment had been entered.

In the instant case, defendant United Service apparently first received a copy of the amended complaint on December 1, 1997.[3] Therefore, its notice of removal was timely filed on December 24, 1997. The above cases demonstrate that an action can be removed following the entry of a final judgment if the notice of removal is timely filed. Therefore, the action was

---

[2] The court noted that a previous Supreme Court decision, Duncan v. Gegan, 101 U.S. 810, 25 L. Ed. 875 (1880), had been decided at a time when the removal statute "allowed removal at any time up until final judgment had been rendered," rather than within the then existing twenty day time limit. 324 F.2d at 785, n. 6. In Duncan, the Court, nonetheless, noted that the federal court after removal "takes the case in the condition it was when the State court was deprived of its jurisdiction." 101 U.S. at 812.

[3] The return receipt shows that the amended complaint was received by United Service on December 1, 1997. The record does not reflect whether or not United Service had previously received a copy of the amended complaint by other means. See, Michetti Pipe Stringing v. Murphy Bros., 125 F.3d 1396, 1398 (11th Cir. 1997)("We ... hold that the thirty-day removal period begins to run when a defendant actually receives a copy of a filed initial pleading by any means.").

3

properly removed to this court and this court has jurisdiction of the subject matter. The record also reveals that the state court had been given actual or constructive notice prior to the entry of its order of reinstatement on January 8, 1998.[4] Therefore, it was without power to enter that order. Because this court takes the case in the condition it was when removed, the action stands dismissed.

The plaintiff has filed a motion pursuant to Rule 60 to set aside the state court order dismissing the action. A review of the record in this action clearly shows that the order dismissing the entire action was entered by mistake. As the state court judge noted in his order, the case action summary sheet did not reflect that an amendment had been filed at the time the action was dismissed.[5] Had the state court been aware of the amended complaint, it is clear a final order of dismissal would not have been entered as to defendant United Service. United Service has filed a response indicating that the motion is not opposed. For the above reasons, the court is of the opinion that the order of dismissal previously entered should be set aside as to defendant United Service because of mistake due to a clerical error.

An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED this  13th  day of March 1998.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE
　　　　　　　　　　　　　　　　　　　J. FOY GUIN, JR.

---

[4] The state court pleadings contain a copy of the notice of removal that was filed in the state court on December 24, 1997.

[5] Although not bound in any way by the order of reinstatement purportedly entered by the state court on January 8, 1998, the court notes that the state court judge was of the opinion that the dismissal should be set aside because it had been entered by mistake due to a clerical error.